**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:17-CV-108-DSC**

| | |
|---|---|
| JAMES LEE GARRETT, JR., )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>Defendant. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment …" (document #12) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

### I. <u>PROCEDURAL HISTORY</u>

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on April 19, 2017. He assigns error to the Appeals Council's decision not to remand this matter to the Administrative Law Judge (ALJ) following

receipt of the March 23, 2016 MRI of his lumbar spine. See Plaintiff's "Memorandum ..." at 5-11 (document #13). Plaintiff contends that if the ALJ had considered the MRI, she would have limited him to a sedentary rather than light Residual Functional Capacity ("RFC"),[1] and found him to be disabled.

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing]

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

> more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome − so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. 20 C.F.R. §§ 404.955, 404.981, 416.1455(b), 416.1481; Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011); Wilkins v. Sec'y, Dept. of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991) (en banc). If the Appeals Council incorporates evidence into the administrative record that was submitted after the ALJ's decision, the District Court reviews the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision. Wilkins, 953 F.2d at 96; Kent v. Colvin, No. 3:13-cv-00019-MOC, 2013 WL 5217640, at *4-5 (W.D.N.C. Sept. 17, 2013). The regulations do not require the Appeals Council to make any findings when it considers new evidence and denies relief, although its analysis may facilitate judicial review. Meyer, 662 F.3d at 706-07.

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term is defined for Social Security purposes.[2]

Plaintiff challenges the ALJ's formulation of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

The ALJ's RFC determination here is supported by Plaintiff's testimony, medical records and treatment history. To the extent that Plaintiff is challenging the ALJ's credibility determination, the Court finds that the ALJ applied the correct legal standard and her credibility determination is supported by substantial evidence.

Plaintiff contends that the Appeals Council erred in not remanding this matter for the ALJ to consider his later MRI. Specifically, he argues that the MRI provided objective evidence to support both his subjective complaints of back pain and a more restrictive RFC. The ALJ thoroughly evaluated Plaintiff's back pain and found it to be a severe impairment. (Tr. 25-28). She analyzed the objective evidence and subjective complaints related to Plaintiff's back pain and cited numerous objective findings in support of her conclusion that Plaintiff was not disabled. (Tr. 25-28.) The ALJ considered reports showing that Plaintiff's back impairment did not cause significant abnormalities other than loss of range of motion. Other clinical findings were normal including motor strength, sensation, reflexes, gait, and straight-leg raising. (Tr. 599-600, 617-618). Even taking the later MRI into account, substantial evidence supports the ALJ's formulation of Plaintiff's RFC.

Although the medical records establish that Plaintiff experienced pain and mental and

emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's credibility, and her ultimate determination that Plaintiff was <u>not</u> disabled.

## IV. <u>ORDER</u>

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment …" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: January 3, 2018

David S. Cayer
United States Magistrate Judge